# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LUIS A. SANTIAGO, ET AL. § <br> § <br> v. § <br> § <br> THE BANK OF NEW YORK MELLON, AS § <br> SUCCESSOR TRUSTEE TO JPMORGAN § <br> CHASE BANK, AS TRUSTEE FOR § <br> NOVASTAR MORTGAGE FUNDING § <br> TRUST, SERIES 2004-2, NOVASTAR § <br> HOME EQUITY LOAN ASSET-BACKED § <br> CERTIFICATES, SERIES 2004-2, ET AL. § | Civil Action No. 4:18-CV-533 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 27, 2018, the report of the Magistrate Judge (Dkt. #44) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiff's First Amended Original Complaint (Dkt. #30) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #47), Defendants' Response (Dkt. #56), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

### RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objection.

On May 14, 2004, Plaintiffs purchased the real property located at: 5102 Spanish Oaks, Frisco, Texas 75034 (the "Property") by executing a Texas Home Equity Note and Security Instrument in favor of Defendants (collectively the "Loan") (Dkt. #26 at p. 4). Plaintiffs are in

default under the Loan, having made their last payment in 2010 (Dkts. #18; #30 at p. 2). On January 14, 2011, Defendants accelerated the Loan (Dkt. #26 at p. 5).

On May 16, 2011, Plaintiffs filed suit against Defendants in the 296th Judicial District Court of Collin County, Texas (the "2011 State Court Lawsuit"), Cause No. 296-02073- 2011. Plaintiffs claimed that Defendants' interest in the Property was voided because of certain constitutional violations that originated at closing. Specifically, Plaintiffs asserted that the Home Equity Affidavit was forged and that Plaintiffs failed to receive a copy of it (Dkts. #8-3; #26 at p. 11; #26-6). On October 12, 2011, Defendants raised a counterclaim seeking an order for foreclosure (Dkts. #8-3 at p. 3; #26-6 at p. 3). On March 28, 2013, the state court granted Defendants' Motion for Summary Judgment, ordering that Defendants "may conduct a nonjudicial foreclosure of the [P]roperty," which "shall be accomplished as a trustee's sale," and entered a final judgment (Dkts. #8-2; #26-6 at p. 3). On May 3, 2013, Plaintiffs filed their Notice of Appeal (Dkt. #26-10). The Parties agreed to stay enforcement of the judgment pending appeal (Dkts. #26-6; #26-10). On August 28, 2014, the state appellate court affirmed the state court, and on February 27, 2015, the Texas Supreme Court denied review and on April 17, 2015, denied rehearing. *See also Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462 (Tex. App.—Dallas 2014, pet. denied), *abrogated in part by Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547-51 & n.2 (Tex. 2016).

Plaintiffs filed another suit against Defendants on March 31, 2015, seeking to stop foreclosure, in the 296th Judicial District Court of Collin County, Texas (the "2015 State Court Lawsuit"), Cause No. 296-01232-2015. Plaintiffs asserted claims for breach of contract, rescission, anticipatory breach of contract, and quiet title (Dkt. #26-11). The Property was sold at a February 2, 2016 foreclosure sale, and as a result, Plaintiffs filed a further suit, requesting that

the state court set aside the foreclosure sale, in the 296th Judicial District Court of Collin, County, Texas (the "2016 State Court Lawsuit"), Cause No. 269-0749-2016. Summary judgment was granted in favor of Defendants, dismissing Plaintiffs' claims. The state appellate court thereafter partially reversed the trial court, and the foreclosure sale was set aside on the issue of notice.

Subsequent to the 2011 State Court Lawsuit and the order permitting Defendants to conduct a nonjudicial foreclosure of the Property, Defendants have attempted to foreclose on numerous occasions, as many as six different times. *See e.g., Santiago v. Bank of New York Mellon*, No. 05-17-00144-CV, 2017 WL 4946095 (Tex. App.—Dallas Nov. 1, 2017, no pet., h.) (mem. op.); *Santiago v. Bank of New York Mellon*, No. 05-16-00053-CV, 2017 WL 1326054 (Tex. App.—Dallas Apr. 11, 2017, pet denied) (mem. op.); *Santiago v. Mackie Wolf Zientz & Mann, P.C.*, No. 05-16-00394- CV, 2017 WL 944027 (Tex. App.—Dallas Mar. 10, 2017, pet denied) (mem. op.); *Santiago v. Bank of New York Mellon*, No. 05-15-00664-CV, 2016 WL 297383 (Tex. App.—Dallas Jan. 25, 2016, no pet.) (mem. op.); *Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462 (Tex. App.—Dallas 2014, pet. denied), *abrogated in part by Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547-51 & n.2 (Tex. 2016).

On July 31, 2018, Plaintiffs filed the instant lawsuit (Dkt. #1). On August 7, 2018, the Property was sold at foreclosure (Dkts. #26 at p. 17; #26-3; #26-4). On August 20, 2018, Plaintiffs amended their complaint, seeking to invalidate the August 7 foreclosure sale, and asserting claims for quiet title, defamation, and multiple requests for declaratory relief, as well as numerous defenses (Dkt. #26). Specifically, Plaintiffs argue that Defendants' lien is void *ab initio* because Defendants violated the Texas Constitution by not presenting the Home Equity Affidavit to Plaintiffs at closing, and further, Defendants are time-barred from pursuing foreclosure because the foreclosure sale was not completed within four years of accelerating the Loan. Plaintiffs

continue that the notices of foreclosure received by Plaintiffs and oral statements at the foreclosure sale defame Plaintiffs.

The Magistrate Judge entered a Report and Recommendation, recommending that Defendants' Motion to Dismiss be granted, and Plaintiffs' claims be dismissed (Dkt. #44). Specifically, the Report found that: "(1) Plaintiffs' claims that Defendants' lien is void as a result of violations of the Texas Constitution are barred by res judicata; (2) Defendants are not time-barred from pursuing foreclosure as they properly filed suit within four years of acceleration pursuant to section 16.035(a); (3) Plaintiffs' quiet title claim is defective because Plaintiffs have not tendered the amount due and owing on the note; and (4) Plaintiffs have failed to adequately plead what statements in the foreclosure notices were defamatory, how they were defamatory, and/or how Plaintiffs were thereby injured" (Dkt. #44 at p. 6). Plaintiffs filed their objections on January 9, 2019 (Dkt. #47). After being granted an extension of time, Defendants filed a response to such objections on February 6, 2019 (Dkt. #56).[1]

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

As an initial matter, the Court notes Plaintiffs' objections are well over the page limit of eight (8) pages set forth in Local Rule CV-72(c).[2] Plaintiffs did not request leave to file objections

---

[1] Subsequent to entry of the Report and Recommendation by the Magistrate Judge, Plaintiff Linda Santiago filed a bankruptcy petition and requested the Court remand and/or refer the instant case to the bankruptcy court. Defendants opposed the referral. On May 3, 2019, the Magistrate Judge recommended the motion to remand be denied, such that determination of the instant Motion to Dismiss remains proper in this Court.

[2] Plaintiffs spend numerous pages raising various objections that quibble with irrelevant and unfounded distinctions in the Report's factual summation and summation of their arguments. Further, Plaintiffs contradict themselves throughout their objections, completely failing to clearly and concisely explain the bases for their objections to the Report (*see* Dkt. #47).

in excess of the page limits. Notwithstanding, the Court has considered Plaintiff's arguments and finds the same to be without merit, as discussed *infra*. Plaintiffs assert that they have fifty-one (51) separate objections; each of these various objections are directed at challenging four (4) of the Report's findings: (1) res judicata is inapplicable to the instant case because the instant suit and the 2011 State Court Lawsuit do not involve a common nucleus of operative facts; (2) Defendants' ability to foreclose on the Property is time-barred because Defendants did not foreclose on the Property within the parameters of § 16.035(b); (3) Plaintiffs are not required to tender the amount due and owing under the Loan to pursue their quiet title claims; and (4) Plaintiffs' allegations state a plausible claim for defamation (Dkt. #48).

*Res Judicata*

Plaintiffs allege five separate violations of the Texas Constitution in connection with the origination of the Loan (Dkt. #26). Plaintiffs claim that these constitutional violations may be used as a shield and/or defense to foreclosure. The Report concluded that Plaintiffs' quiet title claim based on such constitutional violations, including any allegation related to the Home Equity Affidavit, was barred by res judicata.

As an initial matter, the Report found that "Plaintiffs do not contest that the first three elements of res judicata are met in this case in response to the Motion to Dismiss" (Dkt. #44 at p. 8). Plaintiffs did not raise objections to the first three elements; and, in any event, upon independent review, the Court finds the first three elements are met. Regarding the fourth element, Plaintiffs argue that "the preclusive effect of res judicata does not extend to Plaintiffs' invalid foreclosure claim because such claim arises out of or is premised upon [the foreclosure proceedings] [] on August 7, 2018" (Dkt. #47 at p. 3) (emphasis omitted). Plaintiffs clarify that "[t]he [2011 State Court Lawsuit] pursued having the Court declare an invalid lien void; the current

5

case is alleging that because the lien is now constitutionally void it can not [sic] be used to foreclose [Plaintiff's continue that] the current allegations were not available as a defense in the first case and as such[,] not the same nucleus of operative facts" (Dkt. #47 at p. 7). Plaintiffs conclude that they "should not be estopped from asserting the Constitutional defects in the loan and lien as a defense to Defendants' invalid foreclosure conducted on August 7, 2018" (Dkt. #47 at p. 4) (emphasis omitted). Defendants respond that "Plaintiffs misconstrue how to apply the doctrine of res judicata," namely because whether or not a foreclosure had occurred in the 2011 State Court Lawsuit "is of no import" because "the 2011 judgment was entered after the state trial court considered, and rejected, Plaintiffs' constitutional claims substantially similar to constitutional claims asserted in this lawsuit" (Dkt. #56 at pp. 2–3). *See also, Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462 (Tex. App.—Dallas 2014, pet. denied).

Specifically addressing (and rejecting) these same arguments by Plaintiff, the Report found, in pertinent part, that:

> The main thrust of Plaintiffs' arguments is that the alleged Texas Constitutional violations are not barred by res judicata because such violations are asserted, not as a private cause action, but rather as a defense to foreclosure—specifically the August 7, 2018 foreclosure—and can therefore be raised at any time. . . . Regardless of whether Plaintiffs are asserting a cause of action or are bringing forward a defense, the instant suit, like the 2011 State Court Lawsuit, seeks to litigate the exact same dispute between the Parties; namely, Defendants' ability to foreclose on a lien that Plaintiffs allege is in violation of the Texas Constitution.

(Dkt. #44 at pp. 9–11) (internal citations omitted). Moreover, a comparison of the claims asserted in the instant suit and the claims asserted in the 2011 State Court Lawsuit demonstrate that they arise from a common nucleus of operative fact, and that Plaintiffs had the ability to raise the complained-of constitutional violations in the 2011 State Court Lawsuit. Specifically, by Plaintiff's own averments in their objections, "the deed of trust was not void at the commencement of the 2011 State case. . . .the notification [to Defendants] of the violation of the Constitutional

6

requirements did not occur until November 3, 2011 when Plaintiffs filed the First Amended Petition," and because "Defendants failed to respond or correct the violation[,] the deed of trust became void 60 days later on January 2, 2012" (Dkt. #47 at p. 3). Final judgment was not entered in the 2011 State Court Lawsuit until well-over a year later on March 28, 2013 (Dkts. #8-2; #26-6 at p. 3). As such, the basis of Plaintiffs' constitutional claims arose during the pendency of the 2011 State Court Lawsuit; in both suits (the 2011 State Court Lawsuit and the instant case) Plaintiffs challenge Defendants' ability to foreclose on the Property on the basis of these alleged constitutional violations. *See Rodriguez v. JPMorgan Chase Bank, N.A.*, SA-16-CV-410-XR, 2016 WL 4507388, at *3 (W.D. Tex. Aug. 26, 2016); *Burgess v. Bank of Am., N.A.*, 5:14-CV-00495-DAE, 2014 WL 5461803, at *8 (W.D. Tex. Oct. 27, 2014). There is no reason proffered why Plaintiffs could not raise Defendants' purported failure to cure in the 2011 State Court Lawsuit.[3] *See Koncak v. Deutsche Bank Nat'l Tr.*, 3:16-CV-1507-L-BK, 2017 WL 1281186, at *2 (N.D. Tex. Jan. 6, 2017), *report and recommendation adopted sub nom. Koncak v. Deutsche Bank Nation Tr. Co.*, 3:16-CV-1507-L, 2017 WL 510343 (N.D. Tex. Feb. 8, 2017), *appeal dismissed sub nom. Koncak v. Deutsche Bank Nat'l Tr. for GSAMP Tr. 2006-FM2, Mortgage Pass-Through Certificates, Series 2006-FM2*, 720 F. App'x 709 (5th Cir. 2018); *Latson v. Wells Fargo Home Mortg. N.A.*, 308-CV-0984-D, 2008 WL 4646615, at *2 (N.D. Tex. Oct. 21, 2008) ("[A] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit."). Additionally, Plaintiffs' contention that they raised the instant allegations as a defense to the August 2018 foreclosure proceedings does not alter this finding. *See Brennan's Inc. v. Brennan*, 150 F. App'x

---

[3] Plaintiffs appear to use the Texas Supreme Court's holding in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016) as support for their argument. The *Wood* holding found that quiet title claims based on constitutional violations are not subject to a statute of limitations, and not, as Plaintiffs suggest, that homeowners may assert constitutional violations (otherwise barred by res judicata) as a defense any and every time a property is posted for foreclosure.

365, 366 (5th Cir. 2005); *Nguyen v. Bank of America NA*, No. 4:12-CV-3158, 2013 WL 12120445, at *1-2 (S.D. Tex. Jan. 17, 2013). Plaintiffs' objection is overruled.

*Statute of Limitations*

Under section 16.035(a), a "person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). Under section 16.035(b), a "sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b).

Plaintiffs assert that Defendants are time-barred from pursuing foreclosure of the Property because "Defendants suing with a counterclaim in the 1st state lawsuit was applicable as to [§] 16.035(a) and effectuated the tolling of the statue [sic] as is related to [§] 16.035(b) until the final order allowing non-judicial foreclosure was signed. Section 16.035(b)'s application became triggered and limitations were running less than any other tolling apparatus (such as the Agreed Order)" (Dkt. #47 at p. 9). Stated differently, Plaintiffs contend that Defendants have allowed limitations to expire under § 16.035(b), and that Defendants were required to conduct a foreclosure sale of the Property within four years of accelerating the Loan. The Report rejected Plaintiffs' argument, instead finding:

> The Parties agree Defendants exercised the option to accelerate the note on January 14, 2011. . . . On October 12, 2011, Defendants asserted counterclaims in response to Plaintiffs' 2011 State Court Lawsuit seeking an order to allow Defendants to proceed with a non-judicial foreclosure sale of the Property. Therefore, Defendants clearly complied with section 16.035(a); the issue is merely whether Defendants must also comply with section 16.035(b).
> ∗∗∗
> The [*Maluski v. Rushmore Loan Mgmt. Services, LLC*, 14-17-00233-CV, 2018 WL 4780794, at *7 (Tex. App.—Houston [14th Dist.] Oct. 4, 2018, no pet.)] court, relying heavily on *Metcalf v. Wilmington Savings Fund Society, FSB*, No. 03-16-

8

> 00795-CV, 2017 WL 1228886 (Tex. App.—Austin Mar. 29, 2017, pet. denied), held that: [s]ection 16.035(a)'s text does not limit its applicability to claims for judicial foreclosure. And with respect to non-judicial foreclosures, the plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking foreclosure bring suit. . . not later than four years after the day the cause of action accrues. . . .[in the instant suit,] Defendants' counterclaim for non-judicial foreclosure preserved the validity of the real property lien under section 16.035(a) and therefore Defendants are not time-barred from pursuing foreclosure. Accordingly, Defendants need not satisfy both sections 16.035(a) and 16.035(b) to preserve the validity of their real property lien.

(Dkt. #44 at pp. 14) (internal citations and quotation marks omitted). Plaintiffs urge the undersigned to reject this finding, and argue that the Report "addressing *Metcalf* failed to see that [in *Metcalf*] the filing by the lender of a counterclaim seeking foreclosure under [§] 16.035(a) triggered the tolling of limitations on [§] 16.035(b) until the final judgment issue" (Dkt. #47 at p. 9). Plaintiffs contend that *Metcalf* is distinguishable from the instant case because "the major arguments in *Metcalf* were directed at the limitations parameters in the issuances of an order allowing foreclosure in the prior *Metcalf* case which generated the order allowing foreclosure, (although subsequently a timely foreclosure using those calculations did take place) versus the issue in this case that Defendants had exhausted their statutory time limitations (Section 16.035(b)) to conduct a non-judicial foreclosure after the granting of an order allowing for a non-judicial foreclosure" (Dkt. #47 at p. 10). Plaintiffs' distinction confuses the *Metcalf* court's holding and its application to the instant case. In *Metcalf*, the plaintiffs argued that the subsequent foreclosure, conducted pursuant to the court's order, was time-barred. *See* 2017 WL 1228886, at *3 ("We understand the Metcalfs' argument to be that the November 4, 2013 counterclaim did not operate to preserve the validity of the Deed of Trust or, correspondingly, the Lender Defendants' right to sell the property pursuant to the terms of the Deed of Trust."). Rejecting the plaintiffs' argument, the *Metcalf* court explained that "[t]he November 4, 2013 counterclaim was filed within four years

9

of [acceleration], and the trial court's summary-judgment order grants the relief the Lender Defendants sought—an order confirming that they may lawfully proceed with the foreclosure sale of the property at issue in this litigation. The plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitations period, but rather requires only that the party seeking foreclosure bring suit. . . not later than four years after the day the cause of action accrues. . . . The Lender Defendants' counterclaim seeking confirmation of the right to foreclose under the Deed of Trust and, in the alternative, an order of foreclosure, served to prevent the four-year limitations period in section 16.035 from expiring and the deed of trust and power of sale from becoming void." *Id.* at \*4. In the instant case, Defendants' counterclaim filed on October 12, 2011, seeking an order to allow Defendants to proceed with a non-judicial foreclosure sale of the Property, was clearly filed within four years of Defendants' acceleration of the note on January 14, 2011.

Further, as stated by the *Metcalf* court, "[a] lender actively attempting to navigate a legal obstacle course of litigation and bankruptcies cannot be said to be 'sleeping on its rights'." *Id*. There is no indication that the *Metcalf* holding supports Plaintiffs' argument that obtaining an order of foreclosure under § 16.035(a) merely tolls, rather than terminates, limitations under § 16.035 (Dkt. #47 at p. 11) ("filing the counterclaim served to toll limitations due to a pending claim trying to assert the right to foreclose. The ruling never stated or even hinted that because they filed a counterclaim that they no longer had to worry about other limitation requirements, such as paragraph [sic] 16.035(b)").[4] Indeed, as the *Maluski* court explained regarding the *Metcalf* holding, "the court held that the predecessor's counterclaim seeking confirmation of the right to foreclose under the deed of trust and, alternatively, an order of foreclosure served to prevent the

---

[4] Plaintiffs assert that the *Maluski* court also reached this same conclusion (Dkt. #47 at p. 15). For the same reasons articulated herein regarding the *Metcalf* case and this contention, the Court finds that Plaintiffs' assertion is unfounded.

four-year limitations period in section 16.035 from expiring and the deed of trust and power of sale from becoming void." 2018 WL 4780794, at *7. Contrary to Plaintiffs' assertion, "with respect to non-judicial foreclosures, [t]he plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking foreclosure bring suit. . . later than four years after the day the cause of action accrues." *Id.* at *8. Plaintiffs' objection is overruled.

Plaintiffs further contend that the Report improperly distinguished their proffered authority, *Fontenot v. Bank of New York Mellon*, Civil Action No. H-14-1881, 2014 WL 7342365 (S.D. Tex. Dec. 23, 2014) from the instant case because a counterclaim for non-judicial foreclosure is more closely related to a proceeding under Texas Rule of Civil Procedure 736, than a counterclaim for judicial foreclosure. Specifically, in distinguishing *Fontenot* from the instant case, the Report noted that "in *Fontenot*, the 'suit' at issue was a foreclosure order pursuant to Texas Rule of Civil Procedure 736. . . . courts have found that 'a Rule 736 [proceeding] is not a suit to foreclose for limitations purposes,'" whereas Plaintiffs' counterclaim for a non-judicial foreclosure is a suit to foreclose (Dkt. #44 at p. 16). Plaintiffs contend that "[a]s a matter of fact[,] the final order in the case at bar allowing a non-judicial foreclosure is also not a judgment of judicial foreclosure. Based on [*Bank of New York Mellon v. Maniscalco*, 1:15-CV-035, 2016 WL 3584423, at *4 (E.D. Tex. Mar. 3, 2016)], and the foreclosure order herein[,] which is only granting a non-judicial foreclose [sic] order pursuant to Texas Property Code [§] 51.002, tolling limitations would also not apply in the case at bar. Go Figure" (Dkt. #47 at p. 15).

Plaintiffs' objection is unsupported. In *Maniscalco*, the court found that a foreclosure order issued pursuant to Texas Rule of Civil Procedure 736 did not stop the statute of limitations from running under § 16.035(a) (and instead was more appropriately addressed under § 16.035(b))

because a Rule 736 Order "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding," and therefore, does not constitute a suit to foreclose, as enumerated in § 16.035(a). 2016 WL 3584423, at *4. Notably, in the instant case, Plaintiffs do not contend that the state court order from the 2011 State Court Lawsuit "[was] without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." Indeed, as discussed *supra*, there was a final judgment on the merits in the 2011 State Court Lawsuit, wherein the state court entered an order dismissing the case (and Plaintiffs' claims for violations of Article XVI, § 50 of the Texas Constitution and quiet title), expressly stating "that this Order constitutes a final judgment in that it fully and finally disposes of all remaining claims and parties in this cause" (Dkts. #8-2; #26-6). Plaintiffs' objection is overruled.

Plaintiffs also argue that Defendants are judicially estopped from asserting they are not time-barred from pursuing foreclosure and satisfied § 16.035(a)'s requirement because Defendants asked the state court in the 2011 State Court Lawsuit for clarification of an agreed order; in particular, Defendants sought clarification as to whether limitations were tolled pending the appeal of the trial court's decision. The Report found that judicial estoppel did not bar the arguments presented by Defendants on limitations (Dkt. #44 at n. 9). In Defendants' request for clarification of the Agreed Order, Defendants aver "Defendants maintain the final judgment allowing foreclosure provides them with the absolute right to foreclose. However, out of an abundance of caution, Defendants contacted Plaintiffs to confirm the right and/or to clarify the intent of the Parties in the Agreed Order that they agreed to simultaneously toll limitations while Defendants are impeded from foreclosing" (Dkt. #26-10 at p. 10). The Court does not find, on the record before it, that Defendants' request for clarification contravenes the position they have taken in the

instant litigation; as such, Defendants are not judicially estopped from asserting their arguments against Plaintiffs' contention that they are time-barred from their ability to foreclose on the Property. *See Austin v. McNamara*, 6:05-CV-247, 2007 WL 5787498, at *3 (E.D. Tex. Mar. 30, 2007) ("Two elements must be established before a party is estopped under this doctrine: first, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position."). Plaintiffs' objection is overruled.[5]

*Defamation*

The Report found that Plaintiffs' defamation claim should be dismissed because the complained-of statements are privileged and Plaintiffs' allegations fail to state a claim for relief (Dkt. #44 at pp. 21–22). Plaintiffs "object to [the Report's] recommended dismissal [of Plaintiffs' defamation claim] because the deed of trust used to foreclose was void and the Defendants were advised that it was void by the filing of this current case and they proceeded with the foreclosure anyway" (Dkt. #47 at p. 24). Plaintiffs' objection fails to address the Report's finding that because "Defendants obtained a Final Judgment in the 2011 State Court Lawsuit permitting them to conduct a non-judicial foreclosure of the Property, [] the notice of foreclosure and statements made at the foreclosure sale are privileged." Plaintiffs cannot maintain a defamation claim based upon these statements. *See e.g., Fouche' v. Shapiro & Massey LLP*, 575 F. Supp. 2d 776, 789 (S.D. Miss. 2008). Plaintiffs' objection is overruled.[6]

---

[5] Because the Court finds the underlying bases for Plaintiffs' quiet title claim, i.e. constitutional violations and the statute of limitations, are meritless, the Court does not reach Plaintiffs' objections regarding the tender requirement and other arguments related to their quiet title claim.

[6] Plaintiffs contend that they are entitled to declaratory relief "due to a void lien used in a subsequently invalid foreclosure" (Dkt. #47 at p. 24). The Court finds, as the Report found, because Plaintiffs have failed to state any valid causes of action against Defendants, there is no underlying cause of action for which the Court can provide declaratory relief. *Pawlowski v. U.S. Bank Nat'l Ass'n as Tr. For Sasco Mortg. Loan Tr. 2004-GEL2*, No. 4:16-CV-02525, 2018 WL 2335340, at *4 (S.D. Tex. Mar. 7 2018). Plaintiffs' objection is overruled.

## CONCLUSION

Having considered Plaintiffs' filed objections (Dkt. #47), Defendants' Response (Dkt. #56), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #44) as the findings and conclusions of the Court.

It is **ORDERED** that Defendants' "Motion to Dismiss Plaintiffs' First Amended Original Complaint" (Dkt. #30) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

All relief not previously granted is hereby DENIED.

The Clerk is directed to CLOSE this civil action.

**IT IS SO ORDERED**.

SIGNED this 10th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE